SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
DANA B. KRULEWITZ
Nevada Bar No. 11180
dana.krulewitz@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JEREMY KONDRK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TOWBIN AUTOMOTIVE HOLDINGS, INC., TOWBIN MANAGEMENT INC., TOWBIN OF LAS VEGAS, LLC, TOWBIN DODGE, LLC, and DOES I through X and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-00330-RFB-NJK<br><br>Order Granting<br>**DEFENDANTS TOWBIN AUTOMOTIVE HOLDINGS, INC., TOWBIN MANAGEMENT INC., TOWBIN OF LAS VEGAS, LLC, TOWBIN DODGE, LLC'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE/STAY DISCOVERY**<br><br>**(FIRST REQUEST)** |

Defendants, Towbin Automotive Holdings, Inc., Towbin Management Inc., Towbin of Las Vegas, LLC, and Towbin Dodge, LLC, (hereinafter "Towbin" or "Defendants"),[1] respectfully request and move this Court to stay and extend all discovery deadlines as contained in the Discovery Plan and Scheduling Order (Dkt #18) for thirty (30) days and stay the proceedings

---

[1] Plaintiff improperly names Towbin Automotive Holdings, Inc., Towbin Management Inc., and Towbin of Las Vegas, LLC in this action. Plaintiff was not an employee at any of these three entities. At all relevant times in this litigation, Plaintiff was an employee of Towbin Dodge, LLC only.

during that time pending the outcome of settlement negotiations. This motion is being submitted pursuant to LR 6-1, 26-4, and 26-7, the papers and pleadings on file herein, the Memorandum of Points and Authorities attached hereto, the Declaration of Suzanne L. Martin, attached hereto as Exhibit A, and any oral argument the Court may entertain at any hearing on this matter.

Dated this 13th day of July, 2015.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Suzanne L. martin
Suzanne L. Martin
Dana B. Krulewitz
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Good cause exists to extend the discovery deadlines in this matter and stay this case for thirty (30) days, namely to give the parties the chance to further settlement discussions that commenced at the July 2, 2015, Early Neutral Evaluation Conference ("ENE"). At the ENE, the parties agreed to work in good-faith towards a resolution of various issues in this matter. The additional time is necessary to effectuate the parties' intentions and in the event the parties' settlement discussions are not successful, to provide adequate time to continue and complete discovery.

This is the first request for an extension of time. The parties mutually agree to stay discovery; however, the parties disagree as to how to seek such a request and effectuate the stay and extension of discovery deadlines. Therefore, it is Defendants' belief that Plaintiff will be submitting competing documents requesting the stay that the parties have agreed upon. In support of Defendants' request, they state as follows:

///

2

## II. LEGAL STANDARD

### A. Extending Discovery Deadlines

This Court has broad discretion when it comes to controlling discovery. *Nelson v. Safeco Inc. Co. of Illinois*, 2011 WL 13848, *1 (January 4, 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)); *see also United Nat. Funding, LLC v. JetDirect Aviation, Inc.*, 2012 WL 2514929, *3 (June 28, 2012). A Scheduling Order may be modified for "good cause." FRCP 16(b)(4); *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Local Rule 26-4 of the United States District Court Rules for the District of Nevada provides that a motion to extend any date in the discovery plan must be supported by a showing of good cause. LR 26-4. Such motion must include: (a) a statement of the discovery that must been completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing the remaining discovery. *Id.* LR 26-4 further provides that the motion must comply with LR 6-1, which provides that a request to extend time "shall inform the court of any previous extensions granted and state the reasons for the extension requested." LR 6-1. The motion must also indicate whether it is the first, second, third, etc. request for an extension. *Id.*

A motion or stipulation to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. Although the Court looks at the possible prejudice that might be caused by the modification to the Scheduling Order, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If a party was not diligent, the inquiry should end." *Id.*

### B. Staying Discovery Deadlines

A party carries a heavy burden of making a "strong showing" why discovery should be stayed. *Buckwalter v. Nevada Bd. of Medical Examiners*, 2011 WL 841391, *1 (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The movant must show a particular and specific need for a discovery stay. *Buckwalter*, 2011 WL 841391 at *1. In determining whether to grant a discovery stay, the Court is guided by the objectives of Rule 1 of the Federal Rules of Civil

3

Procedure to ensure a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (*quoting Tradebay, LLC. v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011)).

### II. GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION TO STAY AND EXTEND DISCOVERY

The inquiry concerning good cause primarily focuses on the movant's diligence. *Derosa v. Blood Systems, Inc.*, 2013 WL 3975764 at * 1 (August 1, 2013) (*citing Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Derosa*, 201 WL 3975764, *1 (*quoting Johnson*, 975 F.2d at 609).

Here, as stated above, good cause exists to allow the discovery extension and limited stay. The parties would like the chance to further settlement discussions that commenced at the July 2, 2015, ENE. At the ENE, the parties agreed to work in good-faith towards a resolution of various issues in this matter. The additional time is necessary to provide the parties with that opportunity and in the event the parties' settlement discussions are not successful, to provide adequate time to continue and complete discovery.

Furthermore, the stay will effectuate the purpose of FRCP Rule 1 in that allowing the parties' time to further explore settlement will ensure a just, speedy, and inexpensive determination. The parties would be afforded an opportunity to conserve financial resources during the stay but not lose any opportunities to proceed with retaining experts and complete discovery if necessary post-stay. **Importantly, Plaintiff agrees that a stay is necessary**. However, the parties disagree with the way in which the stay and extension of discovery deadlines and to respond to Plaintiff's recently filed Motion to File Amended Complaint need to be sought from the Court. (*See* Declaration of Suzanne L. Martin attached hereto as Exhibit A.) Unable to reach an agreement as to what document to file, and in light of the pending expert disclosure deadline, which will pass in 21-days, Defendants have elected to move for the relief the parties previously agreed to.

///

## IV. STATUS OF DISCOVERY PER LR 26-4

### A. Discovery Completed To Date

In April 2015, the parties exchanged Initial Disclosures pursuant Federal Rule of Civil Procedure 26(a)(1). Each party has supplemented their disclosures once: Defendants in June 2015, and Plaintiff in July 2015. In May 2015, Plaintiff propounded Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, to which Defendants timely responded in June 2015. In June 2015, Defendants propounded Defendants' First Set of Interrogatories, First Set of Requests for Documents and First Set of Requests for Admissions, to which, after a brief extension of time, Plaintiff timely responded in July 2015. In June and July 2015, Defendants issued two third-party subpoenas, one to Dr. R. J. Kohn and the second to Southwest Medical Associates, both of which Plaintiff identified as treating physicians/providers. Currently, there are no outstanding discovery requests from any party.

### B. Remaining Discovery To Be Completed

#### 1. Defendants' Discovery

Defendants plan to meet and confer with Plaintiff's counsel regarding substantive deficiencies with Plaintiff's discovery responses. This may result in Defendants filing a Motion to Compel. Additionally, Defendants plan to subpoena Plaintiff's employment records, documents from American Fidelity related to Plaintiff's supplemental insurance benefits, and from any other treating physician/medical provider Plaintiff identifies. Defendants intend to issue subpoenas to depose Plaintiff's treating physicians/providers, including but not limited to Dr. R. J. Kohn and Southwest Medical Associates, are considering a person most knowledgeable deposition for American Fidelity, as well as any necessary third party subpoenas for fact witnesses. Defendants determined a need to prepare and serve additional Requests for Production of Documents to Plaintiff for, among other things, his medical records and communications between Plaintiff and the disability insurance provider, American Fidelity. Defendants may also desire to retain an expert to evaluate Plaintiff's claim that he has a "serious health condition."

#### 2. Defendants' Estimation of Plaintiff's Discovery

Defendants believe that Plaintiff plans to depose various employees of Defendants,

including the following individuals identified in Plaintiff's initial disclosures and supplement thereto: Martha Martinez; Lloyd Andersen; Rennie Roopchand; John Napoleon; Dr. R. J. Kohn; Jim Akino; Jason (last name unknown); Alonzo Ramirez; and Physician (name unknown at this time) from Southwest Medical Associates. Defendants also believe that Plaintiff may wish to conduct further written discovery.

### C.   Reasons Discovery Cannot Be Completed Within Original Deadline

The parties spent a significant amount of time at the outset of this matter to try and come to an early resolution. The parties even requested (Dkt. #12) and were granted (Dkt. #14) attendance at an ENE. It was at the ENE that the parties decided that an extension of the existing discovery deadlines and a stay of the proceedings would be beneficial to further additional settlement discussions before proceeding with the remaining discovery. Discovery cannot be completed within the original deadlines if the parties are to devote the agreed upon time and energy to advancing settlement, hence the need for a stay and an extension of time.

### D.   Revised Proposed Discovery Plan

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. Defendants propose to the Court the following cut-off dates:

a. **Discovery Cut-off Date:** The discovery cut-off deadline shall be **October 30, 2015**.

b. **Expert Disclosures:** The expert disclosure deadline shall be **September 3, 2015**, sixty (60) days prior to the discovery cut-off date of October 30, 2015, in accordance with LR 26-1(e)(3). Rebuttal expert disclosures shall be made by **October 2, 2015**, thirty (30) days after the initial disclosure of experts deadline of September 3, 2015, in accordance with LR 26-1(e)(3). The parties shall have until the discovery cut-off date to take the depositions of the experts. Expert discovery will be conducted in accordance with applicable Federal Rules of Civil Procedure and Local Rules of this District Court, specifically, Fed. R. Civ. P. 26(a)(2) and 26(b)(4), and Local Rules 26-1(e)(3).

c. **Interim Status Report:** In accordance with LR 26-3, the parties shall file the interim

1  status report by **September 3, 2015**, sixty (60) days before the discovery cut-off date of October 30, 2015.

d. **Dispositive Motions:** Dispositive motions shall be filed by **November 30, 2015**, thirty-one (31) days after the discovery cut-off date of October 30, 2015, as the 30th day is a Sunday, in accordance with LR 26-1(e)(4).

e. **Motions in Limine/*Daubert* Motions:** Pursuant to LR 16-3(b), any motions in limine, including *Daubert* type motions, shall be filed and served thirty (30) days prior to trial unless the District Judge issues an order with a different deadline or briefing schedule. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will only be allowed with leave of court.

f. **Pretrial Order:** The Pretrial Order shall be filed no later than **December 30, 2015**, in accordance with LR 26-1(e)(5). In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

g. **FRCP 26(a)(3) Disclosures:** The disclosures required by FRCP 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(e)(6).

h. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this Discovery Plan and Scheduling Order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

E. **Prior Requests for Continuance: None**

This is the first request to extend discovery deadlines.

V. **CONCLUSION**

For all of the foregoing reasons establishing good cause, Defendants request that this Court exercise its sound discretion and grant Defendants' request for a brief extension and stay of discovery deadlines thirty (30) days. These requests are not sought for any improper purpose or other purpose of delay. Rather, the requests are sought solely for the purpose of attempting to reach

7

a resolution of this case without incurring further time and expense by each of the parties.

Dated this 13th day of July, 2015.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Susanne L. Martin
Suzanne L. Martin
Nevada Bar No. 8833
Dana B. Krulewitz
Nevada Bar No. 11180
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888
*Attorneys for Defendants*

///

Plaintiff has filed a notice of non-opposition. Docket No. 24. Defendants' motion is hereby GRANTED. Discovery is stayed for 30 days. The deadlines in the scheduling order are hereby extended as outlined above.
IT IS SO ORDERED.
Dated: July 20, 2015

_____
United States Magistrate Judge

///

///

///

///

8