1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11    JEREMY KONDRK,                          )
                                              )        Case No. 2:15-cv-00330-RFB-NJK
12                   Plaintiff(s),            )
                                              )        **ORDER**
13    v.                                      )
                                              )        (Docket No. 47)
14    TOWBIN DODGE LLC, et al.,               )
                                              )
15                   Defendant(s).            )
      _____)

16          The relationship between opposing counsel has completely broken down.  Consistent with their

17    history in this case, both parties' briefing on the pending motion for protective order is heavy on vitriol

18    and light on substance.  *See* Docket Nos. 47, 60, 62.  "Counsel should strive to be cooperative, practical

19    and sensible, and should seek judicial intervention 'only in extraordinary situations that implicate truly

20    significant interests.'"  *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ____, 2015 WL 6123192, *6

21    (D. Nev. Oct. 16, 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D.

22    Cal. 1985)).  "Obstructive refusal to make reasonable accommodation . . . not only impairs the civility

23    of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense

24    to clients."  *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994).  The Court urges counsel to pause,

25    take a breath, and try to re-set their relationship.

26
27
28

The pending motion appears to seek varied relief.[1]  A primary dispute in the pending motion is whether a protective order should be entered to protect Plaintiff's medical records from dissemination. The Court does not have before it the records in dispute, and the Court declines to rule on whether the disputed documents (or parts thereof) are confidential.  Instead, the parties shall promptly meet-and-confer on a stipulated protective order.  That protective order shall provide a mechanism through which each party may designate in good faith documents that each party believes are confidential.[2]  The protective order shall further provide a mechanism by which the opposing party may challenge that designation if it wishes to do so.  "When a confidentiality designation is challenged, the burden of persuasion to show good cause for such designation rests upon the designating party." *Wells Fargo Bank, N.A. v. Iny*, 2014 U.S. Dist. Lexis 78875, *8 (D. Nev. June 9, 2014).  If the parties are unable to resolve any dispute regarding a confidentiality designation themselves following a meaningful meet-and-confer, then they may bring the dispute to the Court's attention.[3]  In doing so, they must address each document specifically.  Consistent with this guidance, the Court trusts that counsel can craft a stipulated protective order without further intervention by the Court.

The pending motion also references the filing of confidential documents.  Whether any particular document may be filed under seal is not properly before the Court at this time.  The Ninth Circuit has

---

[1] The briefing on the pending motion raises numerous tangential issues that the Court will not address herein.  The Court reminds counsel that a separate motion must be filed for each type of request made.  *See* Special Order No. 109, Section III.F.4.

[2] It appears Plaintiff is attempting to obtain a stipulated protective order that applies to documents categorically without specific reference to the contents of those documents.  *See* Docket No. 47-3 at 19 (seeking confidential treatment of, *inter alia*, "bills" or "patient intake forms").  The category of a document is not necessarily determinative of whether it is confidential, but rather the contents of the document is determinative.  The stipulated protective order should provide a more general standard for confidentiality, such that counsel can evaluate each document to make a good faith determination whether they truly believe it contains confidential information.

[3] Defendants' counsel appears to believe that past failures to resolve disputes through the meet-and-confer process should exempt the parties from the requirement to meet-and-confer in the future.  *See* Docket No. 60 at 9.  The Court disagrees.  The Court expects all counsel to conduct themselves in a reasonable manner and participate in all meet-and-confer sessions in a good faith attempt to resolve issues without Court intervention.

held that there is a strong presumption of public access to judicial files and records.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Instead, the parties must comply with the procedures outlined in the local rules for filing documents under seal accompanied by a motion to seal.  *See, e.g.*, Local Rule 10-5(b).[4]  The motion to seal must address the relevant standards as outlined in the robust Ninth Circuit authority discussing the issue.  The motion to seal must also explain whether redaction is appropriate rather than sealing entire documents.  *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011).  Once the proper procedures have been followed, the Court will then determine whether those standards have been met and, if not, the Court will unseal the filed documents.  Given these procedures and the limited information currently presented, the Court will not opine as to which materials are properly filed under seal and which are not.

Lastly, Plaintiff seeks relief related to Defendants' counsel's purported *ex parte* communications with at least one doctor involving Plaintiff's medical history and an order prospectively barring communications with additional doctors.  *See* Docket No. 47 at 1, 10.[5]  Plaintiff argues that such communications are improper because these doctors are his experts and/or treating physicians.  *See id.* at 10-13.  The Court finds this issue not sufficiently developed to enable a ruling.  Most significantly, there appears to be confusion as to the role that these doctors will play in this litigation.  Plaintiff identified them as experts, but refused to provide an expert report for them.  *See, e.g.*, Docket No. 60-1

---

[4] When a party is filing documents designated as confidential by the opposing party, counsel shall follow the procedures outlined in *Woolworth v. Trailboss Enterprises*, 2015 U.S. Dist. Lexis 152821, *3-4 & n.1 (D. Nev. Nov. 9, 2015).

[5] In addition to an order barring future communications, Plaintiff asks the Court to "consider" imposing unspecified "sanctions." *See,* Docket No. 47 at 16; *see also id.* at 13 ("The same behavior warrants sanctions").  If Plaintiff seeks an order for sanctions, he should specify the particular sanction(s) he seeks.

at ¶¶ 24-25.  Hence, it appears that Plaintiff intends to call these doctors as expert witnesses who have not been specially retained for this litigation but are able to provide expert testimony as treating physicians without disclosing a report pursuant to Rule 26(a)(2)(C).  *See Piper v. Harnischfeger Corporation*, 170 F.R.D. 173 (D. Nev. 1997) (discussing treating physicians testifying as experts). Nonetheless, Plaintiff provides no evidence whatsoever that three of the four identified doctors qualify as treating physicians, and insufficient evidence that Dr. Kohn so qualifies, *see* Docket No. 62 at 8 (providing one string citation to Plaintiff's deposition testimony and one paragraph of discussion purporting to show that Dr. Kohn qualifies as a treating physician).[6]  To the extent the motion seeks relief on the basis that Dr. Kohn (or any other doctor) is Plaintiff's "treating physician," Plaintiff has failed to sufficiently establish that relationship in the record.  *Cf. Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1023 (S.D. Cal. 2004) (discussing criteria used to determine if a doctor qualifies as a treating physician).

Another threshold issue not sufficiently addressed is what law applies to the issues regarding *ex parte* communications.  Plaintiff relies heavily on Nevada state law, including *Leavitt v. Siems*, 330 P.3d 1 (Nev. 2014).  Defendant relies primarily on federal law, and argues that cases applying state law are not relevant here.  *See* Docket No. 60 at 21.  Neither party sufficiently addresses the pertinent choice of law issue presented.  The pending motion may implicate both issues of privilege and ethical obligations. On the one hand, this is a federal question case, so federal law applies to issues regarding privilege.  *See, e.g.*, *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996) (citing Fed. R. Evid. 501). On the other hand, the local rules of this Court require attorneys to abide by the Nevada Rules of Professional Conduct, such that state rules govern attorneys' ethical obligations when practicing in this Court.  *See Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996); *see also* Local Rule IA 10-7(a). The parties fail to address sufficiently whether state or federal law governs the issues raised by Plaintiff.[7]

---

[6] While Plaintiff asserts that Dr. Kohn will be testifying as Plaintiff's expert, Dr. Kohn appears to be refusing to communicate at all with Plaintiff's counsel.  Docket No. 47 at 12-13.

[7] Finally, the Court notes that on several occasions Plaintiff's briefing cites case law by its title and case number, without a date, and with no citation to any official reporter, Westlaw or Lexis.  *See, e.g.*, Docket No. 47 at 13.  Such citations are unhelpful, and the Court will not pour over dockets in unrelated

For the reasons discussed above, the motion for protective order is **GRANTED** in the limited manner outlined above.  The parties are **ORDERED** to file, no later than November 24, 2015, a stipulated protective order through which counsel may designate documents in good faith as confidential and opposing counsel may challenge such designations.  The parties are also instructed to file documents in accordance with the sealing procedures outlined above.  In all other respects, the motion is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: November 18, 2015

_____
Nancy J. Koppe
United States Magistrate Judge

cases in an effort to find the cited order.  Counsel is required to provide citation information to a published reporter where applicable.  *See, e.g.*, Local Rule 7-3(b).  If the orders cited have not been published in any manner, then counsel is instructed to attach a copy of the order to a declaration accompanying the briefing.

5