JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Ste. 110
Las Vegas, NV 89130
702-258-1183 ph./702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
*\*\*\**

| | |
|---|---|
| JEREMY KONDRK, | Case No.: 2:15-cv-00330-RFB-NJK |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |
| TOWBIN AUTOMOTIVE HOLDINGS, INC., TOWBIN MANAGEMENT INC., TOWBIN OF LAS VEGAS, LLC, TOWBIN DODGE, LLC, and DOES I through X and ROE BUSINESS ENTITIES I through X, inclusive, | AS AMENDED, PAGE 8 |
| Defendants. | |

Plaintiff Jeremy Kondrk, by and through counsel of records Kemp & Kemp, and Defendants Towbin Automotive Holdings, Inc., Towbin Management Inc., Towbin of Las Vegas, LLC, Towbin Dodge, LLC, ("Towbin" or "Defendants"), by and through counsel of record, Ogletree, Deakins, hereby request the Court enter the following Stipulated Protective Order Concerning Confidential Information. This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

…

…

1

This matter comes before the Court on the parties' Stipulated Protective Order Concerning Confidential Information. Being fully appraised of the premises, the Court orders the following:

## I. PURPOSES AND LIMITATIONS OF "CONFIDENTIAL" MATERIALS

Discovery in this action may involve the production of confidential or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to entry of the following Protective Order. The Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

The Stipulated Confidentiality Agreement and Protective Order shall apply to documents, materials and information that a party to this litigation has produced or may produce which that party in good faith believes contains confidential or proprietary and business personnel or financial information, or private or confidential medical information, of any party or non-party, including but not limited to personal health information protected by HIPAA (collectively "Information").

Nothing herein shall be deemed to restrict the right of the party making a confidential designation from using that information as it chooses. By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any other ground, to seek further protective order, or to seek relief from the Court from any provision of the Order.

## II. SCOPE.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## III. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL.

**A. Basic Principles.** A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**B. Disclosure of "CONFIDENTIAL" Material.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

1. attorneys actively working on this case;

2. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

3. the parties, including designated representatives for the Defendant;

4. expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

5. the Court and its employees ("Court Personnel");

6. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

7. deponents, witnesses, or potential witnesses; and

8. other persons by written agreement of the parties.

**C. Filing Confidential Material.** Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

The parties recognize that designating Information as Confidential is not sufficient grounds for that document to be filed under seal in connection with either a non-dispositive or dispositive motion. The parties acknowledge that to overcome the presumption of public access and maintain the confidentiality of Information designated as Confidential that is attached to a non-dispositive motion, the party seeking to maintain the Confidential designation of that Information must meet the "good cause" standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The parties further acknowledge that, to overcome the presumption of public access and maintain the confidentiality of Information designated as Confidential that is attached to a dispositive motion, the party seeking to maintain the Confidential designation of that Information must meet the "compelling reasons" standard articulated in *Kamakana*.

4

If the sole ground for a motion to seal is that the opposing party has designated a document subject to protection pursuant this stipulated protective order, the movant must notify the opposing party at least seven (7) days prior to filing the designated document(s). The designating party must make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four (4) days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four (4) days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

In the event of an emergency motion, the above procedures shall not apply. Instead the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating party fails to timely file such declaration, the Court may order the document filed in the public record.

**IV. DESIGNATING CONFIDENTIAL MATERIAL.**

   **A. Exercise of Restraint and Care in Designating Material for Protection**. Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents,

5

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B. Designation of Previously Produced Documents and Testimony as Confidential.** In light of the procedural posture of this case and the discovery that has taken place, the parties agree that by December 29, 2015, if the Court approves of and grants this Order, each party will designate what it believes, in good faith, to be Confidential by identifying the documents that contain Confidential Information by bates number. If a party seeks to designate the deposition testimony of witnesses who have previously testified as Confidential, provided there is a transcript for that witness's testimony as of the date of this Order, then the party desiring to designate any such testimony as Confidential will do so by December 29, 2015, by identifying the witness, and the page(s) and line(s) the designating party believes in good faith to contain Confidential Information. [1]

**C. Manner and Timing of Future Designations.** Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies

---

[1] Filed concurrently with the Stipulated Protective Order Concerning Confidential Information is a stipulation between the parties to extend the dispositive motion deadline. The extension of the dispositive motion deadline will allow the parties to engage in the meet and confer requirements regarding documents designated as confidential and to seek judicial intervention, if required, before the filing of dispositive motions. *See also* Section V(A).

6

for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1. Information in documentary form (e.g., paper or electronic documents and deposition exhibits), but excluding transcripts of depositions or other pretrial or trial proceedings); the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portions(s) (e.g., by making appropriate markings in the margins).

2. Oral testimony may be designated as Confidential during the deposition or proceeding, with reasonable precision as to the affected testimony, or within fifteen business days after receipt of the transcript of such deposition or proceeding by sending written notice of the designation, and identifying by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential.

3. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**D. Inadvertent Failures to Designate.** If corrected within 10 business days, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon notification within 10 business days of the correction of a designation, the receiving party must

make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**E. No Implied Acknowledgment of Confidentiality.** Compliance with the terms of this Order, production or receipt of Information designated Confidential, and/or allowing Information to be designated Confidential shall not in any way operate as an admission that any particular Information is Confidential. Failure to challenge the designation of Information as Confidential does not preclude a subsequent challenge. The designation of Information as Confidential does not create a presumption in favor of or against that designation.

## V.   CHALLENGING CONFIDENTIAL DESIGNATIONS.

**A.** Either party may challenge at any time the propriety of a designation or Information as Confidential. Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith. The parties will ~~endeavor to~~ meet and confer, either in person, or telephonically, and ^(endeavor to) resolve any issues related to the designation of information as confidential within 30 days of the documents being designated as confidential. To the extent the parties are unable to informally and in good faith resolve their differences, ~~the parties will request a status conference with the Judge to determine the next, most efficient and appropriate procedural step, which may include in chambers conference with the Judge, accompanied by an *in camera* inspection of the disputed documents, or the filing of a motion by the designating party~~ within 7 days of the unsuccessful meet-and-confer, the designating party must file a motion to retain confidentiality under Local Rule 26-7 (and in compliance with Local Rule 10-5 if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to

8

sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

### VI. CONCLUSION OF PROCEEDINGS.

Following the termination of this litigation by final judgment, settlement or otherwise (including appeals), the parties agree to maintain Information subject to this Order as Confidential and consistent with their respective firms' client file and document retention requirements.

Dated this 24th day of November, 2015.    Dated this 24th day of November, 2015.

_____/s/ Victoria L. Neal_____    _____/s/ Suzanne L. Martin_____
JAMES P. KEMP, ESQ.                       SUZANNE L. MARTIN, ESQ.
Nevada Bar No.: 6375                      Nevada Bar No.: 8833
VICTORIA L. NEAL, ESQ.                    DANA B. KRULEWITZ, ESQ.
Nevada Bar No.: 13382                     Nevada Bar. No.: 11180
KEMP & KEMP                               OGLETREE, DEAKINS

*Attorneys for Plaintiff*                 *Attorneys for Defendant*

**ORDER**

**IT IS SO ORDERED:**

Dated: November 25, 2015                  _____
                                          UNITED STATES MAGISTRATE JUDGE
                                          HONORABLE NANCY J. KOPPE